# IN THE UNITED STATES DISTRICT COURT

# FOR THE DISTRICT OF NEW MEXICO

RICHARD HOLMES,

      Plaintiff,

vs.                                                 CIVIL NO. 02-959 RLP/LCS -ACE

DEPARTMENT OF AGRICULTURE
FOREST SERVICE, and FEDERAL EMERGENCY
MANAGEMENT AGENCY,

      Defendants,

and

COUNTY OF LOS ALAMOS,

      Intervenor.

## MEMORANDUM OPINION & ORDER

On August 6, 2002, Plaintiff filed his Motion for Preliminary Injunction **(Docket No. 5)**. At a motion hearing conducted on August 23, 2002, Daniel Dolan represented Plaintiff, Andrew Smith, Jan Mitchell and Cassandra Casaus-Curry represented Defendants, and Martha C. Franks and Pamela S. Bacon represented Intervenor County of Los Alamos. No party voicing an objection, the Motion of County of Los Alamos to intervene **(Docket No. 21)** is **GRANTED.**

I deny Plaintiff's Motion for Preliminary Injunction because Plaintiff failed to meet all four requirements for a preliminary injunction set forth by the Tenth Circuit in *SCFC LIC, Inc., v. Visa USA, Inc.*, 936 F.2d 1096, 1098 (10th Cir. 1991):

In order to obtain preliminary injunctive relief, the moving party must establish:

> (1) substantial likelihood that the movant will eventually prevail on the merits; (2) a showing that the movant will suffer irreparable injury unless the injunction issues; (3) proof that the threatened injury to the movant outweighs whatever damage the proposed injunction may cause the opposing party; and (4) a showing that the injunction, if issued, would not be adverse to the public interest. *Otero Savings and Loan Ass'n,* 665 F.2d 275, 278 (10th Cir. 1982) (citations and quotations omitted). As a preliminary injunction is an extraordinary remedy, see *GTE Corp. v. Williams,* 731 F.2d 676, 678 (10th Cir. 1984), the right to relief must be clear and unequivocal. See *Penn v. San Juan Hosp.,* 528 F.2d 1181, 1185 (10th Cir. 1975); *Matzke v. Block,* 542 F.Supp. 1107, 1112-13 (D.Kan. 1982). See generally, 11 C. Wright & A. Miller, Federal Practice and Procedure § 2948, at 428-29 & nn. 19-21 (1973 & Supp. 1991) ("It frequently is observed that a preliminary injunction is an extraordinary and drastic remedy, one that should not be granted unless the movant, by a clear showing, carries the burden of persuasion." (footnotes omitted)).

Plaintiff did not prove irreparable injury. Although Plaintiff contends the passage of trucks near his home during the Water Tank Relocation Project will cause unacceptable levels of dust, fumes, noise and vibration, and will pose a risk a physical danger to his family and property, he has not produced clear and unequivocal evidence in support of this claim. In addition, the balance of harms and public interest weigh heavily against the imposition of preliminary injunctive relief. Further, Plaintiff did not show a substantial likelihood of success on the merits. Plaintiff must show Defendants failed to include significant environmental aspects in the environmental assessment. From the evidence presented, it appears the Forest Service made a reasonable, good faith, objective presentation of the impacts to the area. The environmental effects of such a project are *de minimus*.

**IT IS THEREFORE ORDERED THAT:**

(1) The Motion of County of Los Alamos to Intervene **(Docket No 21)** is hereby **GRANTED**;

(2) Plaintiff's Motion for Preliminary Injunction **(Docket No. 5)** is hereby **DENIED**.

**IT IS SO ORDERED.**

_____
RICHARD L. PUGLISI
United States Magistrate Judge
Sitting by designation

Daniel R. Dolan, Esquire - Attorney for Plaintiff

Jan Mitchell, Esquire - Attorney for Defendants Department of Agriculture Forest Service and Federal Emergency Management Agency

Martha C. Franks, Esquire - Attorney for County of Los Alamos Incorporated