## IN THE UNITED STATES DISTRICT COURT

## FOR THE DISTRICT OF NEW MEXICO

RICHARD HOLMES, individually,

       Plaintiff,

  vs.                                            CIVIL NO. 02-959 RLP/LCS

UNITED STATES DEPARTMENT OF
AGRICULTURE FOREST SERVICE and
THE FEDERAL EMERGENCY MANAGEMENT
AGENCY,

       Defendant.

and

COUNTY OF LOS ALAMOS,

       Defendant-Intervenor.

## <u>MEMORANDUM OPINION AND ORDER</u>

THIS MATTER having come before the Court on Plaintiff's Motion to Remand **(Docket No. 46)**, the Court having read the motion, the memoranda in support of and in opposition to the motion and otherwise being fully advised, finds that the motion is not well taken and will be **DENIED.**

## BACKGROUND

This case involves a challenge by Plaintiff Richard Holmes to Defendants' U.S. Department of Agriculture, Forest Service and the Federal Emergency Management Agency ("federal defendants"), environmental assessment ("EA") of the proposed relocation of a 7.75 million gallon, gravity-fed water tank in the Santa Fe National Forest.

The stated   reason for the relocation of the water tank was to benefit water delivery capability in the Santa Fe National Forest for the purpose of fighting future forest fires. Plaintiff alleges the federal defendants violated the National Environmental Policy Act ("NEPA"), when it approved a special use permit for the County of Los Alamos to proceed with the project.  Plaintiff claims the federal defendants ran afoul of NEPA when it prepared the EA and the Findings of No Significant Impact ("FONSI") prior  to issuing this special use permit needed to move the tank.  The federal defendants maintain they appropriately evaluated the environmental impact of the relocation project.

## DISCUSSION

Plaintiff's claims against the federal defendants are subject to review by this Court pursuant to the Administrative Procedure Act ("APA"), 5 U.S.C. §§ 701-706.  The scope of review is narrow, a district court should not substitute its judgment for the agency's action on appeal.  *Motor Vehicle Mfrs. Ass'n v. State Farm Mut. Auto. Ins. Co.,* 463 U.S. 29, 43 (1983).  Applying the "arbitrary and capricious" standard, the agency's action will be upheld if the agency considered the relevant factors and outlined a rational connection between the facts and the agency's decision.  *Friends of Endangered, Inc. v. Jantzen,* 760 F.2d 976, 982 (9th Cir. 1985).

Plaintiff claims the federal defendants did not fairly administer the NEPA process, to include opportunity for public comment, so as to enhance an open discussion of the environmental issues.  Further, Plaintiff claims the EA was not properly completed and the federal defendants should be required to complete a new EA to fully comply with NEPA.

The land area involved is located on forest service land and consists of 2.6 acres.

The relocation project utilizes 0.4 miles of an existing forest service road for construction. In May and June 2001 notices were given to eight northern pueblos and to the general public *via* presentations and publications.  Feedback was received and considered.  Public meetings were held in August and December 2001.  A number of studies were conducted including a geotechnical engineering study of the proposed water tank locations, a biological assessment, a visual resource assessment, an archeological survey and a cumulative impacts analysis.  On March 5, 2002 the federal defendants issued a FONSI for the proposed action after considering the ten factors outlined in the NEPA regulations as relevant to an environmental impact analysis.

The purpose or need for the project was initially set forth on Standard Form 299 (Application for Transportation and Utility Systems and Facilities on Federal Land). Paragraph 15 from SF 299 states in pertinent part:  "The tank is needed to provide enhanced fire protection for the N. Community and N. Mesa areas of Los Alamos County." Hence, the original purpose of the project was fire protection.  This purpose was carried through to the EA and was stated more specifically:

> "The purpose of this project is to provide greater protection from the effects of wildfire on the community of Los Alamos by providing fire fighting water that is not dependent on electrical pumping for supply."

The proposed action set forth in the EA clearly meets the purpose of the action by proposing to relocate one of the " . . . 7.75 million-gallon water tanks located on Trinity Drive to a site above Arizona Avenue . . ." in order to " . . . provide sufficient gravity-fed water supply to meet fire fighting needs."

3

Plaintiff claims that he ". . . brought this case against the federal defendants because the NEPA process was violated, a moving target stifled the public comment, and there is clear evidence that a pre-decision was made because no meaningful alternatives were investigated or discussed." Plaintiff's Memorandum in Support of Motion to Remand at p. 2. Plaintiff's position that no meaningful alternatives were investigated or discussed is not substantiated in the record. Two alternatives were investigated and discussed in the EA. Given the two alternatives presented, there is no substantial evidence that a pre-decision was made by the agency. The EA was based on consideration of the relevant factors that were rationally related to the choice made by the agencies. *Citizens to Preserve Overton Park, Inc. v. Volpe,* 401 U.S. 402, 416 (1971).

**IT IS THEREFORE ORDERED** that Plaintiff's Motion to Remand **(Docket No. 46)** is **DENIED.**

**IT IS FURTHER ORDERED** that Plaintiff's Amended Complaint for Declaratory Relief **(Docket No. 2)** is hereby dismissed with prejudice.

**IT IS SO ORDERED.**

_____

RICHARD L. PUGLISI
United States Magistrate Judge
Sitting by Designation

Daniel R. Dolan, Esquire - Attorney of Plaintiff
Jan Elizabeth Mitchell, Esquire - Attorney for Defendants
Andrew A. Smith, Esquire - Attorney for Defendants
Martha C. Franks, Esquire - Attorney for Intervenor

4